UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BYRON HARMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRETT WAGGONER, Nye County Manager; BRUCE JABOUR, Commissioner, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-01591-GMN-EJY<br><br>**AMENDED AND CORRECTED ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

The Court issues this Amended and Corrected Order and Report and Recommendation addressing Plaintiff's Notice of Filing Without Prepayment of Fees (ECF No. 1), Complaint (ECF No. 1-2), Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 1-4), Motion to Convene a Federal Grand Jury for Investigation of Criminal Violations, including RICO and Conspiracy (ECF No. 1-6), and Motion for Order to Show Cause (ECF No. 9). The Court's prior Order and Report and Recommendation (ECF No. 3) is vacated.

**I.     Plaintiff Fails to Establish A Basis to Proceed *in forma pauperis*.**

Plaintiff's Notice of Filing Without Prepayment of Fees is denied. United States District Court for the District of Nevada Local Special Rule 1-1 states: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." Not only is Plaintiff's Notice not on the Court's form, he fails to show an inability "to pay … [filing] fees or give security therefor." 28 U.S.C. § 1915(a). Plaintiff fails to provide the information demonstrating "his poverty … prevent[s] him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). For this reason Plaintiff's Notice is denied without prejudice and with leave to amend.

1

Further, despite Plaintiff's current failure to establish that he may proceed *in forma pauperis*, the Court screens the Complaint because Plaintiff fails to state a viable claim.

**II.     Plaintiff's Complaint is Dismissed.**

   A.     <u>The Screening Standard</u>.

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   B.     <u>The State of Nevada, Nye County District Attorney, Nye County Manager, Nye County Commissioners, and County Code Enforcement Manager are Immune From Suit</u>.

Plaintiff sues the State of Nevada, which is immune from suit. *Halverson v. Nevada Commission on Judicial Discipline*, Case No. 2:08-cv-1006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009) (citing *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978)).

The Nye County District Attorney is also immune from suit. *Morris v. State Bar of California,* Case No. CV F 09-0026, 2010 WL 4977677 at *2 (E.D. Cal. Dec. 2, 2010); *Kekaula v. Luera,* Case No. 1:08-cv-00282, 2008 WL 4821766, at *4 (E.D. Cal. Nov. 4. 2008); *Pobursky v. Madera County*, Case No. 1:07-cv-0611, 2007 WL 2023529, at *6 (E.D. Cal. July 7, 2007).

The Nye County Manager (Waggoner) and the five County Commissioners named by Plaintiff are entitled to legislative immunity. Legislative immunity extends to those actions falling within "the sphere of legitimate legislative activity" and to claims for monetary, declaratory, and injunctive relief, all of which Plaintiff seeks. *Chappell v. Robbins*, 73 F.3d 918, (9th Cir. 1996). *See also Tenney v. Brandhove*, 341 U.S. 367, 376 (1951); *Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 732 (1980).

Here, liberally construed, Plaintiff states only that he disagrees with the business licensing requirements and regulations adopted by the Nye County Manager and Commissioners being applied to the operation of his "non-statutory irrevocable trust." The County Managers and Commissioners were acting as part of a local governing body in a legislative capacity when they created the licensing and regulations to which Plaintiff alludes. *Bogan v. Scott Harris*, 523 U.S. 44, 49 (1998) (the application of legislative immunity applies to local legislators, such as county commissioners); *Martin v. Smith*, Case No. CV 08-470-S-CWD, 2009 WL 3199638, at **5-6 (D. Idaho Sept. 30, 2009) ("Comprehensive Plan and the Zoning Ordinance and Map are legislative actions"). *See also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391 (1979). Accordingly, the Court finds Plaintiff's claims against the Nye County Manager and County Commissioners arising from adoption of business licensing and regulatory requirements enacted in their legislative capacity fail as a matter of law.

The Nye County Code Enforcement Officer (Mark Gancarz) is immune from suit under the State of Nevada's discretionary authority statute. NRS 41.032(2). In *Ransdell v. Clark Cnty.*, 192 P.3d 756, 761-64 (Nev. 2008), the Nevada Supreme Court held that NRS 41.032(2)'s discretionary immunity shielded Clark County from a suit based on abating the plaintiff's property following a notice of code violations regarding garbage and unused vehicles. And, as established by *Cantu v. McCoy*, Case No. 2:24-cv-00620-MMD-NJK, 2024 WL 4696615, at *1 (D. Nev. Nov. 6, 2024),

discretionary immunity applies equally to a county code enforcement manager because that officer is an "officer or employee" of one of Nevada's "political subdivisions."

Based on the foregoing, the Court recommends Plaintiff's claims against the State of Nevada, the Nye County District Attorney, the Nye County Manager, the five Nye County Commissioners, and the Nye County Code Enforcement Officer be dismissed with prejudice based on immunity from suit.

        C.        Plaintiff's Claims Against Nye County and Pahrump Township Fail Under *Monell*.

Plaintiff names the Nye County Government and Pahrump Township as defendants, but fails to state a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978). Under *Monell*, municipalities such as the Nye County and the Pahrump Township can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like Nye County or Pahrump under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must also allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, local governments may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, local governments may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). Plaintiff alleges no facts at all that support a

claim under *Monell*. ECF No. 1-2. For this reason the Court recommends dismissing these claims without prejudice and with leave to amend.

### D. Plaintiff Fails to State a Claim Against Aaron Ford.

To state a claim for relief, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Twombly*, 550 U.S. at 555. Further, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

Plaintiff fails to state a claim against Nevada Attorney General Aaron Ford. In a short, yet jumbled, rendition of facts, Plaintiff states only that he apparently disagrees with the obligation to obtain a business license and submit to regulatory schemes that are "without constitutional or lawful authority." Plaintiff alleges no facts at all regarding the Nevada Attorney General, let alone facts that would tie Mr. Ford to the alleged wrongdoing about which Plaintiff complains. Immunities from suit apply to Mr. Ford as they would to any other state employee carrying out discretionary duties or quasi-judicial duties. However, here, there is no claim to analyze with respect to whether immunity applies to Mr. Ford's supposed wrongdoing.

Because Plaintiff fails to plead a cognizable claim against the Attorney General of the State of Nevada, but it is theoretically possible for Plaintiff to amend his Complaint to do so, the Court dismisses Plaintiff's Complaint against Mr. Ford without prejudice and with leave to amend.

### E. Plaintiff's 42 U.S.C. § 1983, and 18 U.S.C. §§ 241 and 242 Fail as a Matter of Law, as Does Plaintiff's Motion to Convene a Federal Grand Jury.

Well settled law establishes 42 U.S.C. § 1983 is not a cause of action. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). There is also no private right of action under 18 U.S.C. §§ 241 and 242. *Markley v. City of Seattle*, Case No. C22-5038-RSL, 2022 WL 374415, at *1 (W.D. Wash. Feb. 8, 2022); *Uziel v. Superior Ct. of Cal.*, 857 Fed. Appx. 405, 406 (9th Cir.

2021). The Court therefore recommends Plaintiff's first, second, and third counts be dismissed with prejudice.

With respect to the Motion to Convene a Federal Grand Jury, Plaintiff has no constitutional right to have another person criminally prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, this Motion is dismissed with prejudice.

F.  Plaintiff's Ultra Vires and Trespass Claims.

"[A]n *ultra vires* claim may only be asserted against officers in their individual or personal capacity." *Jewel v. Nat'l Sec. Agency*, 965 F. Supp. 2d 1090, 1111 (N.D. Cal. 2013). Here, Plaintiff has brought suit against non-individual entities, which are not proper defendants in an *ultra vires* claim. Thus, to the extent Plaintiff sues Nye County and Pahrump Township for an *ultra vires* violation, his claim fails as a matter of law and must be dismissed.

More problematic for Plaintiff is he has not pleaded sufficient facts to state an *ultra vires* claim against any individual defendant. A claim that a local official acted *ultra vires* must be premised on the fact that he or she acted "'without any authority" whatsoever. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 n.11 (1984) (quoting *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 697 (1982)). "An officer acts *ultra vires* when the officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden." *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1029 (E.D. Cal. 2012) *aff'd sub nom. Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015). "[U]ltra vires claims rest on the official's lack of delegated power." *United States v. Yakima Tribal Court*, 806 F.2d 853, 860 (9th Cir. 1986).

Plaintiff's allegations fail to demonstrate that any individually named defendant acted without authority to do so. ECF No. 1-2. Rather, his claim is based solely on his disagreement with the enactment and enforcement of licensing and regulatory requirements related to business operations in Nye County. *Id*. at 4. Even if one of the defendants lacked authority to engage in challenged conduct, so long as the exercise was simply error, there is no claim. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 690 (1949) (holding that "[a] claim of error in the exercise of [delegated] power is ... not sufficient" to state a claim for *ultra vires* action).

6

Because Plaintiff fails to state an *ultra vires* claim against any named defendant, the Court recommends Plaintiff's Count 4 against (1) Nye County and Pahrump Township be dismissed with prejudice, and orders (2) the individually named defendants be dismissed without prejudice, but with leave to amend.

Finally, Plaintiff asserts no facts that support trespass to liberty or property under the U.S. Constitution or federal law. Under the Fifth Amendment, a person may assert a takings claim if he can show that a regulation is "so onerous that its effect is tantamount to a direct appropriation or ouster" according to the "standards set forth in *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978)." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537-38 (2005). The *Penn Central* standard considers "[t]he economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations," and "the character of the governmental action." *Penn Central*, 438 U.S. at 124. Under *Penn Central*, courts examine a regulation's "character" and "economic impact," asking whether the action goes beyond "adjusting the benefits and burdens of economic life to promote the common good" and whether it "interfere[s] with distinct investment-backed expectations." *Id.* "That multi-factor test balances the government's manifest need to pass laws and regulations 'adversely affect[ing]...economic values, with [the] longstanding recognition that some regulation 'goes too far.'" *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 621 (2013) (Kagan, J. dissenting) (quoting *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922)). Plaintiff does not and, the Court finds he cannot, meet the above standard for a taking claim based on business licensing and regulations related to his non-statutory irrevocable trust.

Further, in order to state a claim under § 1983 for violation of substantive due process, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998). "[O]nly the most egregious official conduct" establishes a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Under § 1983 claim based on a lack of procedural due process, a plaintiff must allege "three elements: (1) a liberty or property interest protected by the Constitution; (2) a

7

deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Not only does Plaintiff allege no facts demonstrating a substantive or procedural due process claim based on the governmental deprivation of liberty or property, but the Court finds there are no true facts Plaintiff could reasonably allege arising from the enactment of licensing and regulation of business that would meet the requirements of such a claim. Accordingly, the Court recommends this claim be dismissed with prejudice.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Notice of Filing Without Prepayment of Fees (ECF No. 1), is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court must resend Plaintiff a copy of the Court's non-prisoner Application to Proceed *in forma pauperis* together with the instructions for filing the same.

IT IS FURTHER ORDERED that Plaintiff's Motion to Convene a Federal Grand Jury for Investigation of Criminal Violations, including RICO and Conspiracy (ECF No. 1-6) is DENIED with prejudice.

IT IS FURTHER ORDERED that the following claims in Plaintiff's Complaint (ECF No. 1-1) are dismissed without prejudice and with leave to amend:

- Plaintiff's claim under *Monell* against Nye County and Pahrump Township. Any claim stated in an amended complaint must allege facts demonstrating a violation that would satisfy the pleading requirements of a *Monell* claim as explained above;
- Plaintiff's claims against Aaron Ford. Any claim against Mr. Ford must assert facts tying Mr. Ford to alleged wrongdoing that does not arise under discretionary act or quasi-judicial immunity; and
- Plaintiff's *ultra vires* claims against the individual defendants. Any claim must allege facts demonstrating each individual acted without any authority whatsoever and that the action was not the result of simple error.

IT IS FURTHER ORDERED that Plaintiff is advised that he may refile his First Amended Complaint (currently on the docket at ECF No. 11). If Plaintiff chooses to refile a First Amended Complaint, he must include all facts identifying wrongdoing by the individual and or municipalities named as defendants and tie those facts to legally cognizable claims. If Plaintiff chooses to refile his First Amended Complaint, he must do so no later than **October 3, 2025**.

IT IS FURTHER ORDERED that a refiled First Amended Complaint should not include claims against immune entities or that are recommended for dismissal with prejudice based on immunity from suit.

IT IS FURTHER ORDERED that if Plaintiff chooses **not** to refile his First Amended Complaint, the document at ECF No. 11 will remain the proposed operative complaint.

Plaintiff is advised that **no screening** of an Amended Complaint **will occur until Plaintiff files an Application to Proceed** *in forma pauperis* **on the Court's form** that includes the information necessary to determine if he is eligible to proceed without prepaying filing fees..

IT IS FURTHER ORDERED that ECF Nos. 1-2, 1-4, and 1-6 were separated from Plaintiff's filing at ECF No. 1 and appear on the docket as Plaintiff's Complaint (ECF No. 4), Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5), and Plaintiff's Motion to Convene a Federal Grand Jury (ECF No. 6).

IT IS FURTHER ORDERED that Plaintiff's Motion to Convene a Federal Grand Jury is DENIED with prejudice.

IT IS FURTHER ORDERED that the Order and Report and Recommendation entered on September 3, 2025 (ECF No. 3) is VACATED.

### IV.  Recommendations

IT IS HEREBY RECOMMENDED that Plaintiff's claims asserted against the State of Nevada; the Nye County Manager Brett Waggoner; Nye County Commissioners Jabour, Boskovich, Strickland, Koenig, and Bayne; Nye County Code Enforcement Officer Gancarz; and Nye County District Attorney Kunzi be DISMISSED with prejudice as these defendants are immune from suit.

IT IS FURTHER RECOMMENDED that Plaintiff's Count 1 (alleging a violation of 42 U.S.C. § 1983), Count 2 (alleging a violation of 18 U.S.C. § 241), and Count 3 (alleging a violation

of 42 U.S.C. § 242) be DISMISSED with prejudice because Plaintiff can state no cause of action based on an alleged violation of these statutes.

IT IS FURTHER RECOMMENDED that Plaintiff's *ultra vires* claim be DISMISSED with prejudice to the extent it is brought against Nye County or Pahrump Township.

IT IS FURTHER RECOMMENDED that Plaintiff's Trespass on Rights to Liberty and Property be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that because Plaintiff's Complaint is dismissed in part with prejudice through recommendations and in part without prejudice with leave to amend, the Court finds Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 1-4) be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff may, upon asserting a claim upon which relief may be granted in an amended complaint, file a motion either or both a temporary restraining order and preliminary injunction.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Order to Show Cause (ECF No. 9) be DENIED as there is no restraining order or preliminary injunction that is proceeding or recommended to proceed at this time.

Dated this 20th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, **any objection to this Amended and Corrected Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days**. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).